IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NATHANIEL RAY COGBURN                                                                          PLAINTIFF

v.                                          Civil No. 6:21-cv-06149

SHERIFF JASON WATSON, BLAKE                                                                DEFENDANTS
FORGA, AGENT ROY BETHEL, and
AGENT WITHWORTH[1].

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case. Also before the Court is a Motion to Dismiss by Defendants Bethel, Forga, and Watson due to those failures. (ECF No. 27).

## I. BACKGROUND

Plaintiff filed his Complaint on November 10, 2021. (ECF No. 1). In the Order granting Plaintiff *in forma pauperis* ("IFP") status, Plaintiff was advised that his case would be subject to dismissal if he failed to keep the Court apprised of his current mailing address. (ECF No. 3).

On July 6, 2022, Defendants Bethel, Forga, and Watson filed a Motion to Compel Plaintiff to respond to their discovery requests. (ECF No. 17). This Motion was granted on July 8, 2022, and Plaintiff was directed to provide the requested discovery no later than July 22, 2022. (ECF

---

[1] Later filings indicate the proper spelling is Whitworth.

1

No. 18). In the Order, Plaintiff was advised that failure to comply with the Court's Order could result in the dismissal of his case. (*Id*.). This Order was not returned as undeliverable. On July 29, 2022, these Defendants filed a Notice of Non-Compliance, stating that Plaintiff had not complied with the Court's Order to provide the requested discovery, and had provided absolutely no response concerning either the Order or their requests. (ECF No. 22). On August 22, 2022, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure to comply with the Court's Order by September 12, 2022. (ECF No. 24).

On July 12, 2022, Defendant Whitworth filed a Motion for Summary Judgment, arguing that Plaintiff had provided testimony in his deposition that his claims of excessive force were not against Defendant Whitworth. (ECF No. 19). On August 22, 2022, the Court entered an Order directing Plaintiff to provide his Response to the motion by September 12, 2022. (ECF No. 23).

On August 31, 2022, mail sent to Plaintiff in the Pike County Jail was returned as undeliverable indicating Plaintiff was no longer at the facility. (ECF No. 25). The deadline for Plaintiff to provide his new address was set for September 30, 2022. (*Id*.).

On October 6, 2022, Defendants Bethel, Forga, and Watson filed their Motion to dismiss, noting that Plaintiff had failed to comply with Court Orders and had failed to prosecute the case. (ECF No. 27). They request the action be dismissed with prejudice. (ECF Nos. 27, 28).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

2

> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice[2] for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[2] Defendants Bethel, Forga and Watson argue Plaintiff has demonstrated "intentional delay and contumacious conduct" as discussed in *Brown v. Frey*, 806 F.2d at 803. The court in *Brown*, however, also noted that a dismissal with prejudice is a "drastic sanction" and reversed a dismissal with prejudice when the failure to comply with a Court pre-trial order occurred over a few months' time and without significant communication between the court and parties. *Id*. at 804. In doing so, the *Brown* court contrasted the situation in *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984), where the plaintiff "had sought numerous delays over a two-year period, had been given repeated opportunities to comply with a pretrial order, and had been warned about the consequences of noncompliance." Given that Plaintiff only received two of the four pretrial orders in question, such a drastic sanction is not appropriate.

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **3rd day of November 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE